Under a complaint in an action on a life policy alleging full performance of its conditions, waiver of a condition as to time of payment of premiums may not be shown.

 [Ed. Note.—For cases in point, see vol. 28, Cent. Dig. Insurance, §§ 1637, 1642.]

Appeal from Trial Term.

Action by Laura Garlick against the Metropolitan Life Insurance Company.  From a judgment on a verdict directed for plaintiff, defendant appeals.  Reversed.

Argued before BARTLETT, WOODWARD, HOOKER, RICH, and MILLER, JJ.

Paul Grout, for appellant.

Ernest C. Brower, for respondent.

WOODWARD, J.  This is an action to recover $500 upon a policy of insurance on the life of the plaintiff's husband.  The plaintiff pleaded that all of the conditions of the contract entitling her to recover had been fully performed, but upon the trial it developed that the conditions of the policy required that payments should be made semiannually upon a given date, and that the last payment of the plaintiff was not tendered until after the expiration of the time for such payment, at which time the insured was ill.  Over the objection and exception of the defendant the plaintiff was permitted to introduce evidence showing that the defendant had on previous occasions permitted payments upon this policy after the expiration of a six-months period, and recovery was had upon the theory that the defendant had waived the right to insist upon prompt payments. I am clearly of opinion that it was error to permit of evidence of waiver, if the evidence was sufficient to establish waiver, under a pleading which alleged full performance of the conditions.  Burr v. Union Surety & Guaranty Co., 86 App. Div. 545, 547, 83 N. Y. Supp. 756, and authorities there cited.

The judgment appealed from should be reversed, with costs, and a new trial ordered; costs to abide the event.  All concur.

(109 App. Div. 176.)

### GEDROICE v. CITY OF NEW YORK.

(Supreme Court, Appellate Division, Second Department.  November 24, 1905.)

MUNICIPAL CORPORATIONS—OBSTRUCTION IN STREET—INJURY TO VEHICLE— NEGLIGENCE.

 A city is not liable for injury from collision of a vehicle with a manhole projecting above the street level, owing to change in the street grade; it having placed a proper light thereon a few hours before the accident, and there being nothing to show it had actual notice that the light had been taken away.

 [Ed. Note.—For cases in point, see vol. 36, Cent. Dig. Municipal Corporations, §§ 1655, 1657.]

Appeal from Municipal Court.

Action by Constantine V. Gedroice against the city of New York. From a judgment for plaintiff, defendant appeals. Reversed.

Argued before WOODWARD, JENKS, RICH, and MILLER, JJ.

Theodore Connoly (Richard H. Mitchell and Addison B. Scoville, on the brief), for appellant.

Raphael Link, for respondent.

WOODWARD, J. The facts are undisputed in this case. The plaintiff was driving an automobile in a northerly direction along Crotona Park, North (Arthur avenue, near 175th street), on the 23d day of July, 1904, at about 8:45 p. m. His vehicle came in contact with a water gate or manhole, which stood about 12 inches above the street level, and it is not disputed that the vehicle was damaged as claimed. There was no barricade about this obstruction, which was about 24 inches wide, and the evidence is such as to warrant the conclusion that there was no light displayed to warn persons lawfully upon the highway of the danger. This is sufficient to make a prima facie case, no doubt. But the defendant shows without dispute that Arthur avenue was being worked to a lower grade than had previously prevailed, and that this work left the water gate or manhole sticking up about 12 inches above the new grade; that this was the only obstruction in the highway, and that the defendant's foreman, one Flanagan, had, shortly after 5 o'clock in the evening of the day of the accident, properly filled and lighted a red lantern and placed the same upon the manhole, fastening it there with three cords; that on the following morning he went there for his lantern and found that it had been taken away. The witness testified that he had been the foreman of the department of highways for eight years, that it was not customary to close a street where there was but a single obstruction, that the light which he placed upon the manhole was the kind of a light which he had been accustomed to place under similar circumstances, and that in his experience of eight years he had never lost a lantern before.

Under this state of facts we fail to discover that the defendant had failed in the discharge of any duty which it owed to the plaintiff. It clearly was not necessary to close a public highway to travel because of a single obstruction. The obstruction would not have been less dangerous if it had been barricaded, and it was the absence of a light, assuming due care on the part of the plaintiff, which was the proximate cause of the accident. But it is undisputed that the defendant had placed a proper light upon the obstruction at 5:15 p. m. of the day of the accident, and the contact with the obstruction occurred at 8:45 p. m. There is no evidence to show that the city had any actual notice of the fact that the light had been taken away, and it seems clear to us that it had a right to assume that a light placed in the highway for a lawful purpose would not be removed. If the light had remained where it was placed, it can hardly be doubted that the city would be free from the imputation of negli-

gence if the plaintiff had run his vehicle upon the obstruction; and, as the city had performed the duty of properly placing a light, it belongs to the plaintiff to show that the city had actual knowledge of the absence of the light before the happening of the accident, or he cannot recover. This is clearly the doctrine of Parker v. City of Cohoes, 10 Hun, 531, affirmed on opinion below 74 N. Y. 610, as well as of many other cases which it is not necessary to cite.

The judgment appealed from should be reversed, and a new trial ordered; costs to abide the event. All concur.